# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| CARLOS A. GAMEZ-ACUNA,<br><br>    Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:10CV635DAK |

    This matter is before the court on Petitioner's Motion to Vacate Sentence under 28 U.S.C. § 2255. On February 26, 2008, after a two-day jury trial, Petitioner was found guilty of Counts I and II of the Indictment. On June 11, 2008, the court departed downward and sentenced Petitioner to 180 months in the custody of the Bureau of Prisons and 60 months supervised release. Petitioner appealed. On April 12, 2010, the Tenth Circuit Court of Appeals dismissed Petitioner's ineffective assistance of trial counsel claim without prejudice to the bringing of such a claim in a timely motion under 28 U.S.C. § 2255. The Tenth Circuit found his remaining claims without merit and affirmed his conviction and sentence.

    Petitioner's § 2255 again raises his ineffective assistance of counsel claim. Petitioner claims that his counsel was ineffective (1) by providing advice to Petitioner that his best option was to go to trial without explaining the consequences of such action and (2) by failing to suppress the evidence the police found in his vehicle.

Petitioner's claim that his trial counsel was ineffective requires him to show: "(1) his counsel's performance was constitutionally deficient, and (2) his counsel's deficient performance was prejudicial." *United States v. Cook*, 45 F.3d 388, 392 (10th Cir. 1995); *United States v. Glover*, 97 F.3d 1345, 1349 (10th Cir. 1996) (applying standard to sentencing proceedings and plea hearings).

Petitioner's first claim regarding defense counsel's advice is rebutted by a sworn statement from his defense counsel. His defense counsel states that he did not advise Petitioner to go to trial rather than enter a plea, he did not guarantee any result, and never promises clients that he will win at trial. Defense counsel also states that he provided Petitioner with information regarding plea offers and sentencing possibilities. Defense counsel's statement that Petitioner would not tale a plea offer because he claimed to be innocent of the charges is consistent with Petitioner's conduct at trial when he testified to his innocence. The court believes the sworn statement from defense counsel. Therefore, Petitioner has failed to meet his burden of demonstrating that his defense counsel's performance fell below an objective standard of reasonableness. Petitioner has also failed to show that but for his defense counsel's deficiencies, there was a reasonable probability that the proceedings would have had a different result.

Petitioner's claim that his counsel was ineffective in getting the evidence police found suppressed is without merit. His defense counsel brought the motion to suppress, fully litigated the motion, and merely lost the motion. The motion was not lost as a result of defense counsel's performance or conduct. Moreover, Petitioner cannot merely rehash the Fourth Amendment arguments he raised in connection with his motion to suppress or his appeal of the motion to

suppress. *United States v. Cook*, 997 F.2d 1312, 1317 (10th Cir. 1993).

There is no support in the record for finding that Petitioner's counsel was ineffective or that petitioner was prejudiced at any stage of the proceedings. Moreover, Petitioner's counsel was able to obtain a significant downward departure on Petitioner's behalf which resulted in a substantial reduction in Petitioner's sentence. Therefore, Petitioner has failed to demonstrate that his counsel was ineffective.

## CONCLUSION

Based on the above reasoning, Petitioner's motion under 28 U.S.C. § 2255 is DENIED and this case is DISMISSED.

DATED this 5th day of October, 2010.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge